Scott L. Hengesbach (SBN 146731)
Katie Trinh (SBN 332565)
**MURCHISON & CUMMING, LLP**
801 South Grand Avenue, Ninth Floor
Los Angeles, California 90017-4613
Telephone: (213) 623-7400
Facsimile: (213) 623-6336
E-Mail         shengesbach@murchisonlaw.com
               ktrinh@murchisonlaw.com

Attorneys for Plaintiff, PENSKE TRUCK LEASING CO., LP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PENSKE TRUCK LEASING CO., LP,<br><br>          Plaintiff,<br><br>     vs.<br><br>LIBERTY MUTUAL FIRE INSURANCE CO.; CORE-MARK INTERNATIONAL, INC.; MOHAMED HERSI, an Individual; and DOES 1-50, Inclusive,<br><br>          Defendant. | CASE NO.<br><br>**PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT** |

COMES NOW, plaintiff Penske Truck Leasing Co., LP (hereinafter, "Penske") and, for its Complaint for Declaratory Judgment against defendants Liberty Mutual Fire Insurance Co. (hereinafter, "Liberty Mutual"), Core-Mark International, Inc. (hereinafter, "Core-Mark") and Mohamed Hersi (hereinafter, "Hersi"), states and alleges as follows:

**PARTIES, JURISDICTION & VENUE**

1. Penske is a limited partnership organized under the laws of the State of Delaware with a principal address at Route 10, Green Hills, P.O. Box 563, Reading, Pennsylvania 19603-0563.

2. Liberty Mutual is a Wisconsin corporation with its principal address at 2000 Westwood Drive, Wausau, Wisconsin 54401. At all times relevant to this action, Liberty Mutual

was registered to do business in the state of California and performed business in the State of California. Liberty Mutual can be served through its registered agent, CSC, at 2710 Gateway Oaks Dr., Suite 150N, Sacramento, California, 95833.

3. Core-Mark is a Delaware corporation with its principal address at 1500 Solana Boulevard, Building 3, Suite 3400, Westlake, Texas 76262. At all times relevant to this action, Core-Mark was registered to do business in the state of California and performed business in the State of California. Core-Mark can be served through its registered agent, National Registered Agents, Inc., 330 N. Brand Boulevard, Suite 700, Glendale, California, 91203.

4. On information and belief, Hersi is an individual residing at 419 Cedar Avenue, South Minneapolis, Minnesota 55454 and can be served through Hersi's attorney, Edward B. Chatoian, Law Offices of Edward B. Chatoian, 2607 Fresno Street, Suite C, Fresno, California, 93721.

5. This Court has original jurisdiction over this action because the parties are citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00. Accordingly, jurisdiction is predicated on diversity of citizenship and the amount in controversy pursuant to 28 U.S.C. § 1332 and on Federal Declaratory Judgment Act, 28 U.S.C. § 2201.

6. Due to the potential impact of this Complaint for Declaratory Judgment on the interests of each defendant joined hereto, all defendants are proper parties to this action.

**FACTS AND ALLEGATIONS IN SUPPORT OF COUNT I**

**The Hersi Lawsuit**

7. Penske is a named defendant in a lawsuit captioned, Mohamed Hersi v. Penske, which is pending in the Superior Court of California, County of Fresno, Case No. 20CECG02193 RM (hereinafter, "the Hersi Lawsuit").

8. A true and correct copy of the complaint filed on July 28, 2020 by Hersi ("Hersi Complaint") in the Hersi Lawsuit is attached as Exhibit A.

9. On July 29, 2020, Hersi filed the First Amendment to Complaint Substituting True Name of Defendant for Doe, identifying Penske as a defendant in the Lawsuit.

10. A true and correct copy of the First Amendment to Complaint Substituting True Name of Defendant for Doe filed on July 29, 2020 in the Lawsuit is attached as Exhibit B.

11. In the Hersi Lawsuit, Hersi alleges that he sustained severe personal injuries and damages as a result of an incident on August 1, 2018 when Hersi slipped and fell in water that had leaked from a refrigeration unit onto the floor of a refrigerated trailer while Hersi was in the process of delivering and unloading merchandise from the trailer in the course and scope of his employment. *See*, Exhibit A (the Hersi Complaint), p. 4.

12. On information and belief, at the time of the alleged August 1, 2018 incident, Hersi was employed by Core-Mark.

13. In the Hersi Lawsuit, Hersi alleges two causes of action against Penske: General Negligence (First Cause of Action) and Products Liability (Second Cause of Action). *See*, Exhibit A (the Hersi Complaint), pp. 4 through 5.

14. Hersi alleges that Penske was negligent and careless in the ownership, operation, maintenance, inspection, and repair of the truck and refrigerated trailer combination on which Hersi was working in the course and scope of his employment on August 1, 2018. *See*, Exhibit A (the Hersi Complaint), p. 4.

15. As a result of Hersi's alleged injuries, Hersi seeks compensatory damages from Penske in the form of wage loss, hospital/surgery and medical expenses, general damages, and lost earning capacity. *See*, Exhibit A (the Hersi Complaint), p. 3.

### The Vehicle Lease Service Agreement

16. Hersi alleges in the Hersi Complaint that Penske leased the "truck and refrigerated trailer combination" described in the Hersi Complaint (hereinafter, "the Penske Vehicle").

17. On October 12, 2006, Penske and Core-Mark entered into a Vehicle Lease Service Agreement (hereinafter, "VLSA"), which sets forth the terms and conditions of leasing of vehicles by Penske to Core-Mark (as "Customer").

18. A true and correct copy of the VLSA is attached as Exhibit C.

19. The VLSA provides in pertinent part:

/ / /

> **"9. LIABILITY COVERAGE.**
>
> CUSTOMER shall, at its sole cost, provide liability coverage for CUSTOMER and PENSKE TRUCK LEASING and its partners and their respective agents, servants and employees, in accordance with the standard provisions of a basic automobile liability insurance policy as required in the jurisdiction in which the Vehicle is operated, against liability for bodily injury, including death, and property damage arising out of the ownership, maintenance, use and operation of the Vehicle(s) with limits of at least a combined single limit of One Million Dollars ($1,000,000.00) per occurrence. … Such coverage shall be endorsed to include PENSKE TRUCK LEASING as an additional insured and shall be in a form acceptable to PENSKE TRUCK LEASING. CUSTOMER shall deliver a certificate of insurance showing such coverage, prior to delivery to CUSTOMER of any Vehicle covered by this VLSA."

*See*, Exhibit C (the VLSA), §9. LIABILITY COVERAGE.

20. The Penske Vehicle on which Hersi alleges he was working at the time of the alleged August 1, 2018 incident was subject to the terms and conditions of the VLSA.

21. As a result, under the VLSA, Core-Mark, as Customer, was required:

    a.    to obtain liability insurance for bodily injury "arising out of the ownership, maintenance, use and operation" of the Penske Vehicle;

    b.    to include Penske as an additional insured on such policy of liability insurance; and

    c.    to deliver to Penske a certificate of insurance as proof of such policy of liability coverage.

*See*, Exhibit C (the VLSA), §9. LIABILITY COVERAGE.

///

## The Certificate of Liability Insurance

## and The Liberty Mutual Policy

22. As required by the VLSA, Core-Mark provided Penske with a Certificate Of Liability Insurance dated January 31, 2018, Certificate Number 13839725 (hereinafter, "the Certificate of Liability Insurance").

23. A true and correct copy of the Certificate of Liability Insurance is attached as Exhibit D.

24. The Certificate of Liability Insurance states that Liberty Mutual issued a policy of automobile liability insurance to Core-Mark, as the insured, with a policy period of January 31, 2018 through January 31, 2019 and a combined single limit of $5 million, specifically, Policy No. AS2-691-436369-148 (hereinafter, the Liberty Mutual Policy). *See*, Exhibit D (the Certificate of Liability Insurance).

## The Additional Insured Endorsement

25. The Liberty Mutual Policy contains an endorsement entitled "Lessor-Additional Insured and Loss Payee" (hereinafter, "the Additional Insured Endorsement").

26. A true and correct copy of the Additional Insured Endorsement is attached as Exhibit E.

27. The Additional Insured Endorsement provides in pertinent part:

> POLICY NUMBER:  AS2-691-436369-148
> …
> **LESSOR – ADDITIONAL INSURED AND LOSS PAYEE**
> This endorsement modifies insurance provided under the following:
> …
> **BUSINESS AUTO COVERAGE FORM**
> …
> Named Insured:  Core-Mark International, Inc.
> Endorsement Effective Date:  1/31/2018
>
> SCHEDULE
> Insurance Company:  Liberty Mutual Fire Insurance Company
> Policy Number:  AS2-691-436369-148
> Effective Date:  1/31/2018
> Expiration Date:  1/31/2019

    Named Insured:  Core-Mark International, Inc.
    Address:  395 Oyster Point Blvd., Suite 415

    Additional Insured (Lessor):  Penske Truck Leasing Co., L.P., & Penske Leasing and Rental Co.,
    Address:  P.O. Box 563

    Designation or Description of "leased Autos":

| Coverage | Limit of Insurance |
|---|---|
| Covered Autos Liability | $5,000,000 Each "Accident" |

…
    Information required to complete this Schedule, if not shown in the Declarations.

A. Coverage

    1. Any "leased auto" designated or described in the Schedule will be considered a covered "auto" you hire or borrow.

    2. For a "leased auto" designated or described in the Schedule, the Who Is An Insured provision under Covered Autos Liability Coverage is changed to include as an "insured" the lessor named in the Schedule.  However, the lessor is an "insured" only for "bodily injury" or "property damage" resulting from the acts or omissions by:

        a. You;
        b. Any of your "employees' or agents; or
        c. Any person except the lessor or any "employee" or agent of the lessor, operating a "leased auto" with the permission of any of the above.

    3. The coverages provided under this endorsement apply to any "leased auto" described in the Schedule until the expiration date shown in the Schedule, or when the lessor or his or her agent takes possession of the "leased auto", whichever occurs first.

…
E. Additional Definition

    As used in this endorsement:

    "Leased auto" means an "auto" leased or rented to you, including any substitute, replacement or extra "auto" needed to meet seasonal or other needs, under a leasing or rental agreement that requires you to provide direct primary insurance for the lessor.

*See*, Exhibit E (the Additional Insured Endorsement).

28. The Additional Insured Endorsement identifies Penske as an additional insured under the Liberty Mutual Policy for "bodily injuries" resulting from acts or omissions of Core-Mark or its

employees that occurred between January 31, 2018 and January 31, 2019. *See*, Exhibit E (the Additional Insured Endorsement), SCHEDULE and §§A.2.a., A.2.b., A.3.

29. Hersi alleges bodily injuries arising out of an incident that occurred on August 1, 2018. *See*, Exhibit A (the Hersi Complaint), p. 4.

30. Hersi alleges that the August 1, 2018 incident occurred in the course and scope of his employment. *See*, Exhibit A (the Hersi Complaint), p. 4.

31. The coverages provided in the Additional Insured Endorsement apply to "leased autos", which include "autos" (as defined by the Liberty Mutual Policy) that were leased or rented to Core-Mark under an agreement requiring Core-Mark to provide direct primary insurance for the lessor. *See*, Exhibit E (the Additional Insured Endorsement), §A.3. and §E.

32. The VLSA requires Core-Mark to provide direct primary insurance to Penske for bodily injury "arising out of the ownership, maintenance, use and operation" of the Penske Vehicle. *See*, Exhibit C (the VLSA), §9. LIABILITY COVERAGE.

### The Standard Business Auto Coverage Form

33. The coverage form to the Liberty Mutual Policy is a Business Auto Coverage Form. *See*, Exhibit E (the Additional Insured Endorsement), Preamble.

34. Upon information and belief, the Liberty Mutual Policy follows standard ISO Business Auto Coverage Forms and contains the following standard terms and conditions:

> **BUSINESS AUTO COVERAGE FORM**
> …
> Throughout this policy, the words "you" and "your" refer to the Named Insured shown in the Declarations.
> …
> **SECTION II – COVERED AUTOS LIABILITY COVERAGE**
>
> **A. Coverage**
>
>> We will pay all sums an "insured" legally must pay as damages because of "bodily injury" … to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".
>> …
>> We have the right and duty to defend any "insured" against a "suit" asking for such damages … .
>> …

**SECTION V – DEFNITIONS**

 **A.** "Accident" includes continuous or repeated exposure to the same conditions resulting in "bodily injury" … .

 **B.** "Auto" means:

  1. A land motor vehicle, "trailer" or semitrailer designed for travel on public roads; or
  2. Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged.

…

 **C.** "Bodily Injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these.

…

 **F.** "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

 **G.** "Insured" means any person or organization qualifying as an insured in the Who Is An Insured provision of the applicable coverage.

…

 **P.** "Trailer" includes semitrailer.

…

*See*, Insurance Services Office, Inc. (ISO) Business Auto Coverage Form CA 00 01 10 13, attached as Exhibit F).

  35. Liberty Mutual possesses a duty to defend and a duty to indemnify Penske, as an additional insured under the Liberty Mutual Policy, for the bodily injury claims alleged in the Hersi Lawsuit because Hersi's claims fall within the insuring agreement(s) of the Liberty Mutual Policy, specifically:

  a. the Hersi Complaint alleges "bodily injury" caused by an "accident" resulting from the "ownership, maintenance or use of a covered 'auto'";

  b. the Penske Vehicle qualifies as an "auto" under the Liberty Mutual Policy because it is a land motor vehicle, trailer, or semitrailer under the Liberty Mutual Policy; and

  c. Hersi's alleged bodily injuries result from the acts or omissions of Core-Mark.

/ / /

/ / /

**The Penske Tender Letters to Liberty Mutual**

36. In a letter dated December 11, 2020 and addressed to Lockton Insurance Brokers, LLC, Penske, by and through Penske Litigation Claims Examiner Jamie Perfetto, first informed Liberty Mutual of the Hersi Lawsuit (hereinafter, "the Perfetto Letter"). *See*, Exhibit G (the Perfetto Letter). Referencing the Liberty Mutual Policy, the Perfetto Letter requested that Liberty Mutual acknowledge in writing that Liberty Mutual would defend and indemnify Penske for the Hersi claims, enclosed the summons served on Penske for the Hersi Lawsuit, and copied Core-Mark and the attorney for Hersi on the correspondence. *See*, Exhibit G (the Perfetto Letter).

37. In an email dated December 18, 2020 and addressed to "CLAIMREPORTS@LIBERTYMUTUAL.COM", Penske, by and through Penske Litigation Claims Examiner Jamie Perfetto, informed Liberty Mutual a second time of the Hersi Lawsuit (hereinafter, "the Perfetto Email"). *See*, Exhibit H (the Perfetto Email). The Perfetto Email requested that Liberty Mutual review and consider the documents enclosed with the email for the defense and indemnification of Penske as an additional insured under the Liberty Mutual Policy. *See*, Exhibit H (the Perfetto Email).

38. In a letter dated February 2, 2021 and addressed to Liberty Mutual, Penske, by and through its third-party administrator Aaron Lomax of Gallagher Bassett Services, Inc., informed Liberty Mutual a third time of the Hersi Lawsuit (hereinafter, "the Lomax Letter"). *See*, Exhibit I (the Lomax Letter). The Lomax Letter requested confirmation that Liberty Mutual would defend and indemnify Penske for the Hersi claims, requested confirmation of Penske as an additional insured under the Liberty Mutual Policy, and enclosed the summons, Hersi Complaint, VLSA, and the Certificate of Liability Insurance. *See*, Exhibit I (the Lomax Letter).

39. To date, Liberty Mutual has failed and refused to respond to the Perfetto Letter, the Perfetto Email, and the Lomax Letter.

40. As a result of the failure or refusal of Liberty Mutual to respond to the Perfetto Letter, the Perfetto Email, and the Lomax Letter, Penske has been forced to defend the Hersi Lawsuit without the benefit of coverage available to Penske under the Liberty Mutual Policy.

/ / /

# COUNT I

# DECLARATORY JUDGMENT

41. Penske hereby incorporates the allegations set forth in paragraphs 1 through 40 as if fully set forth herein.

42. Penske seeks the declaration of this Court regarding its rights under the Liberty Mutual Policy.

43. As set forth above, the claims alleged against Penske in the Hersi Lawsuit fall within the coverage of the Liberty Mutual Policy, because:

   a. Penske is an additional insured under the Liberty Mutual Policy by the terms of the Additional Insured Endorsement;

   b. The coverages provided in the Additional Insured Endorsement extend to "leased autos", which include "autos" (as defined by the Liberty Mutual Policy) that were leased or rented to Core-Mark by Penske under the VSLA;

   c. the Penske Vehicle qualifies as an "auto" under the Liberty Mutual Policy because it is a land motor vehicle, trailer, or semitrailer under the Liberty Mutual Policy; and

   d. the Hersi Complaint alleges "bodily injury" caused by an "accident" resulting from the "ownership, maintenance or use of a covered 'auto'".

44. Accordingly, Penske seeks the declaration of the Court that Liberty Mutual has a duty to defend, and a duty to indemnify Penske, as an additional insured under the Liberty Mutual Policy, for the bodily injury claims alleged in the Hersi Lawsuit.

WHEREFORE, Penske requests the Order of this Court declaring Penske's rights under the Liberty Mutual Policy, specifically, that:

1. Liberty Mutual has a duty to defend Penske for the bodily injury claims alleged in the Hersi Lawsuit; and

2. Liberty Mutual has a duty to indemnify Penske for the bodily injury claims alleged in the Hersi Lawsuit; and

/ / /

3. For its attorney fees and costs in bringing this action;

4. For such other and further relief as the Court deems just and equitable.

DATED:  September 20, 2022         **MURCHISON & CUMMING, LLP**

By: _____
Scott L. Hengesbach
Katie Trinh
Attorneys for Plaintiff, PENSKE TRUCK LEASING CO., LP